# CIRCUIT COURT OF THE CITY OF RICHMOND

Tommy Bell

v.

Ayers & Stolte, P.C., et al.

April 9, 1998

Case No. LB-2628-3

BY JUDGE MELVIN R. HUGHES, JR.

In this legal malpractice case, the defendants have requested that the court reconsider its ruling denying their Plea in Bar. The ruling was made in a November 20, 1997, opinion letter. For the following reasons the court, reconsidering, decides that its initial assessment was wrong and will change the ruling.

As noted, the matter before the court is defendants' Plea in Bar. The Plea is based on the statute of limitations applicable to an underlying medical malpractice action for which plaintiff had engaged defendants, an attorney and his firm, to represent him. The court will restate much of the facts and procedure first stated in the November 20, 1997, opinion letter.

Essentially, defendants in their Plea state that they cannot be held liable for legal malpractice in their representation because the applicable limitation period as to the health care providers named in the underlying case had run before they were retained. Plaintiff, on the other hand, contends that his claim against the defendants was not time-barred when he retained defendants.

Defendants' Plea asserts that plaintiff's claim should be dismissed due to the statute of limitations issue as to all defendants in the underlying action. In

their memorandum in support of the Plea, defendants focus only on two of the four health care providers named in the underlying case. The court will consider the question as to the health care providers mentioned in the memorandum.

The relevant dates disclosed through discovery are as follows.

1. Plaintiff was treated at Stuart Circle Hospital from October 26, 1992, through October 28, 1992.

2. During that hospitalization a nurse employed by Stuart Circle inserted a tube into plaintiff's chest.

3. October 28, 1992, plaintiff was discharged from Stuart Circle.

4. November 17, 1992, plaintiff was informed the tube was still in his chest.

5. November 19, 1992, plaintiff was readmitted to Stuart Circle Hospital.

6. November 2, 1994, plaintiff retained defendants.

7. November 22, 1994, defendants filed suit for plaintiff.

In the underlying case plaintiff sued two doctors, Stuart Circle Hospital, and a nurse employed at the hospital. With respect to the statute of limitations issue, plaintiff alleges in Count 15 of the Motion for Judgment:

Plaintiff's case was dismissed due to the negligence of J. Flippo Hicks, Jr., and Ayers and Stolte. They failed to file the motion for judgment within the time fixed by the applicable statute of limitations.

Defendants' memorandum in support of the Plea addresses this issue as to two health care providers named in the underlying case, namely, the hospital and the nurse.

Plaintiff relies on the continuing treatment rule under *Justice v. Natvig*, 238 Va. 178 (1989), arguing on brief that "[t]he allegedly negligent treatment given Bell occurred during a continuous and uninterrupted treatment by Dr. Robertson and the medical facility at which the negligence took place, Stuart Circle Hospital." Alternatively, plaintiff contends that if the two year statute of limitations period applies from the date plaintiff was informed about the tube, defendants should have filed plaintiff's action no later than November 17, 1994.

Defendants argue first that the continuing treatment rule in the cases does not apply to hospitals and nurses. Second, when plaintiff was discharged from

Stuart Circle on October 28, 1992, there was no expectation of a continuing relationship between the hospital and plaintiff.

This court sustained the hospital's and the nurse's statute of limitations pleas in the underlying case.[2] The court agrees with that ruling. The question in this case is whether the defendants were negligent in the representation by failing to file some time sooner than they did, November 22, 1992, after they were retained on November 2. The court finds that the applicable limitation period for medical malpractice actions against the hospital and the nurse in the underlying case was two years pursuant to § 8.01-243(A). Plaintiff received treatment at the hospital and from the nurse for a discrete period ending on October 28, 1992. The court still views the case as having no implication of the continuing treatment rule.

### The Continuing Treatment Rule

The threshold inquiry, as before, is whether the continuing treatment rule applied to the underlying medical malpractice cause of action. The rule has been summarized as follows:

> [W]hen malpractice is claimed to have occurred during a continuous and substantially uninterrupted course of examination and treatment in which a particular illness or condition should have been diagnosed in the exercise of reasonable care, the date of injury occurs, the cause of action for that malpractice accrues, and the statute of limitations commences to run when the improper course of examination, and treatment if any, for the particular malady terminates.

*Justice v. Natvig*, 238 Va. 178, 180 (1989) (quoting *Farley v. Goode*, 219 Va. 969, 976 (1979) (addressing the statute of limitations and a continuing professional relationship in a dental malpractice case)).

"[F]or the rule to apply, there had to exist continuing diagnosis and treatment for the same or related illnesses or injuries after the alleged acts of malpractice." *Grubbs v. Rawls*, 235 Va. 607, 612 (1988) (citing *Farley*, 219 Va. at 980). In other words, "if there existed a physician-patient relationship where the patient was treated for the same or related ailments over continuous and uninterrupted course, then the plaintiff could wait until the end of that

---

[2] Plaintiff nonsuited his claim against the first doctor. The court granted the second doctor's plea of the statute of limitations.

treatment to complain of *any* negligence which occurred during that treatment." *Id.* at 613.

In the instant case, the removal of the chest tube mistakenly left in the plaintiff's chest was not a "related illness" to a continuous and uninterrupted course of treatment by the defendants nurse and hospital. The plaintiff's professional relationship with the nurse and the hospital commenced on October 26, 1992, when the plaintiff was treated at Stuart Circle Hospital and culminated on October 28, 1992, when the patient was discharged from the facility. During that hospitalization, a nurse inserted a tube into the plaintiff's chest. On November 17, 1992, the plaintiff complained of pain and learned that the tube was still in his chest. He was re-admitted to Stuart Circle Hospital on November 19, 1992, for removal of the tube (twenty days following his discharge). The plaintiff retained the defendants on November 2, 1994; the underlying suit for medical malpractice was filed on November 22, 1994, (more than two years after conclusion of the original treatment in October 1992). Judge Markow held on April 28, 1995, that the continuing treatment rule did not apply and sustained the medical malpractice defendants' plea in bar to the two-year statute of limitations.

The court's determination that the continuing treatment rule did not apply to the defendants nurse and hospital was correct. *See Pidgeon v. Wake*, 34 Va. Cir. 336, 342 (Winchester 1994) ("[T]he cause of action for alleged medical malpractice against a hospital accrues when the patient is treated at the hospital, and that, when discharged, the continuing treatment exception to the statute of limitations does not apply to subsequent admissions at the [same] hospital, even where the plaintiff's attending physician may be the same.").

### *The Provisions of Va. Code § 8.01-243*

The controlling statutory provisions here is Va. Code § 8.01-243, "Personal action for injury to person or property generally; extension in actions for malpractice against health care provider."

A. Unless otherwise provided in this section or by other statute, every action for personal injuries, whatever the theory of recovery, and every action for damages resulting from fraud, shall be brought within two years after the cause of action accrues ... .

C. The two-year limitations period specified in subsection A shall be extended in actions for malpractice against a health care provider as follows:

1. In cases arising out of a foreign object having no therapeutic or diagnostic effect being left in a patient's body, for a period of one year from the date the object is discovered or reasonably should have been discovered.

Subsection (C) was apparently designed to benefit plaintiffs whose injuries related to the presence of foreign objects in the body are not discovered within the two year statute of limitations. In other words, subsection (C) was meant to re-initiate and extend the filing period in certain personal injury situations.

Subsection (C) cannot be utilized here to restrict the filing period to less than the two years guaranteed by subsection (A). More importantly, the discovery date of subsection (C) may not be synthesized with the two-year period of subsection (A). The court agrees with the argument advanced by the defendants in that the statute of limitations had expired before they were retained. Accordingly, the court sustains the motion to reconsider and sustains the Special Plea.